```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DARWING NUNEZ,

                    Plaintiff,           ORDER
                                         12-CV-3919(JS)(ETB)
         -against-

MICHAEL J. SPOSATO, Sheriff,
JOHN DOE, Warden of the Nassau
County Corr. Center,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Darwing Nunez, Pro Se
                    12005903
                    Nassau County Correctional Center
                    100 Carmen Avenue
                    East Meadow, New York 11554

For Defendants:     No Appearances
```

SEYBERT, District Judge:

On August 6, 2012, incarcerated pro se plaintiff Darwing Nunez ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against the defendants, Sheriff Michael Sposato and the "John Doe" Warden of the Nassau County Correctional Center (together, the "Defendants") accompanied by an application to proceed in forma pauperis.

Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted. However, for the reasons that follow, the Complaint is sua sponte dismissed for failure to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

Plaintiff's brief handwritten Complaint submitted on the Court's civil rights complaint form alleges a single paragraph:

> On July 24, 2012 while exiting the second floor shower I slipped and fell on to the stailess [sic] steel shower doors, bursting open the bottom portion of my ear lobe (on rights side ear). E2-D44 Housing Officer was notified of whom wrote a report and thereinafter sent me to medical for treatment. Medical gave me six (6) stitches. Also my neck & back have been injured. A follow up medical sick call request has been written and filed. Note: there is/was no wet floor sign's [sic] ever posted.

(Compl. at ¶ IV). As a result of the fall, Plaintiff claims to now suffer "severe pain and nothing for pain has been given to me." (Compl. at ¶ IV. A.). Accordingly, Plaintiff seeks to recover three and a half ($3.5) million dollars in compensatory damages as well as three and a half million dollars ($3.5 million) in punitive damages, for a total award of seven million dollars ($7,000,000). (Compl. at ¶ V).

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is

granted.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See Id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations

omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d

4

Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

A. Claims against Defendants Sposato John Doe Warden

Although Plaintiff names Sheriff Sposato and the John Doe Warden of the Nassau County Correctional Center as Defendants, Plaintiff does not include any allegations of conduct attributable to either of them and, in fact, neither Defendant is even mentioned in the body of the Complaint. Thus, it appears Plaintiff seeks to hold these Defendants liable solely because of the supervisory positions they hold. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra at 5. Similarly, a

5

plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by either Defendant. Accordingly, the Section 1983 claims asserted against them are not plausible and are dismissed.

B. Negligence

Even if Plaintiff were to name a proper defendant, it is clear that his claim does not implicate a constitutional deprivation. Plaintiff claims nothing more than that he slipped on water on the floor in the shower and fell. At best, Plaintiff has alleged a negligence claim. Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (negligence claims

do not rise to the level of a constitutional violation). Accordingly, the Complaint is dismissed for failure state a federal claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and Federal Rule of Civil Procedure 12(h)(3). <u>See</u>, <u>e.g.</u>, <u>Carr v. Canty</u>, No. 10-CV-3829 (BSJ)(KNF), 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) ("'[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [] alleges that the individual defendants had notice of the wet condition but failed to address it.'"), quoting <u>Edwards v. City of New York</u>, No. 08-CV-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009); <u>Jennings v. Horn</u>, No. 05-CV-9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); <u>see also</u> <u>Powers v. Gipson</u>, No. 04-CV-6883L(P), 2004 WL 2123490 (W.D.N.Y. 2004) (<u>sua sponte</u> dismissing <u>in forma pauperis</u> complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983); <u>Nauden v. Maha</u>, No. 04-CV-0171SC, 2004 WL 1145916, *1 (W.D.N.Y. Apr. 7, 2004) (<u>sua sponte</u> dismissing <u>in forma pauperis</u> complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because "[i]t is abundantly clear to the

7

Court that plaintiff is alleging nothing more than a claim of negligence against the defendants for their alleged creation of a dangerous condition which caused him to slip and fall."). Having dismissed all of the Plaintiff's federal claims, Plaintiff's common law negligence claim is properly brought in the state court. See Sylla v. City of New York, No. 04-CV-5692 (ILG), 2005 WL 3336460, *8 (E.D.N.Y. Dec. 8, 2005) (citing Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir. 1991) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")); see also Nauden, 2004 WL 1145916, at *1 ("Plaintiff's avenue for relief for his claims of negligence is state court, not a claim in federal court under 42 U.S.C. § 1983").

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, but the Complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 17, 2012
       Central Islip, New York